WILEY DANIELS AND NEHOMI DANIELS, HIS WIFE; APPELLANTS, VS. HENRY HENDERSON, APPELLEE.

1. By our Statute of December 11, 1824, providing for the foreclosure of mortgages, an anomalous proceeding is authorized, partaking partly of Chancery and partly of common law principles.

2. Under it, upon a petition for the foreclosure of a mortgage given by husband and wife, to secure the payment of a note of the husband, and for judgment on the note, a judgment or decree of foreclosure may be entered against both husband and wife, and a judgment may be entered against the husband *only* upon the note, *as in other cases.*

3. In such a case, it is error to enter a joint judgment against the husband and wife.

4. The wife is a necessary party to the proceeding so far as regards the foreclosure, but not as to the note.

Appeal from the Circuit Court of Putnam County.

The facts in this cause are fully set out in the opinion of the Court, to which reference is made.

*B. M. Pearson* for Appellants.

*McQueen McIntosh* for Apellee.

DOUGLAS, J., delivered the opinion of the Court.

This is a suit instituted in the Circuit Court for Putnam County, by Henry Henderson, against Wiley Daniels and Nehomi Daniels, his wife, under the act of December 11, 1824, "To regulate the foreclosure of mortgages by the Courts of common law," Acts of 1824, page 161 ; Thompson's Digest, pages 376–'77. A petition was filed in accordance with the provisions of the statute, and a copy of the original mortgage is set out in the record, from which it appears that the said mortgage was executed by said Wiley Daniels and Nehomi Daniels, his wife, to one R. R. Duke, on the 5th day of August, 1852, conveying to the said Duke a negro fellow, named Alexander, to secure to him the payment of a promissory note of the same date, given by the said Wiley Daniels, for the sum of six hundred and five dollars and sixty-three cents, which note was executed by the said Wiley Daniels *only*, to the said Duke, who endorsed it to petitioner, Henderson, to whom he also assigned the said original mortgage, which had been duly acknowledged by the said Daniels and Nehomi, his wife, before a Justice of the Peace, who examined the latter separate and apart from her husband, when she acknowledged that she "executed the same freely, and without fear, persuasion or compulsion of her husband," after which the said mortgage was, in due time, recorded in the proper office ; a summons issued and duly served upon the said Wiley Daniels and Nehomi Daniels, his wife, but they put in no objection or plea in the case. At the late term of the Circuit Court, holden in and for the County of Putnam, the cause came on for trial ; the defendants were then and there three times

solemnly called, and came not, but made default. Where-
upon an affidavit of the amount then actually due was
made, a decree or judgment of foreclosure of the equity of re-
demption in the mortgage was pronounced by the Court,
and a judgment was entered upon the said promissory note,
against both the said Wiley Daniels and Nehomi, his wife.
From this decree and judgment, the defendants have
brought the case, by appeal, to this Court, upon the follow-
ing grounds, to-wit : The judgment should have been or-
dered to be levied first against the goods specifically mort-
gaged ; 2. The judgment should have been confined to the
goods and chattels, &c., mortgaged, and not allowed to
travel in its lieu beyond, so as to reach other property of
the defendants ; 3. The judgment should *not* have been
against the goods and chattels, lands and tenements, of Wi-
ley Daniels and Nahomi, his wife, but only against the
goods and chattels of Wiley Daniels.

That there is manifest error in this record, no one, we
think, will deny ; but we have been at some difficulty in
arriving at a conclusion how this error should be correct-
ed. Were this a suit in Chancery, the difficulty would not
exist. There are many cases of foreclosure to which the
statute mentioned is entirely *inapplicable* and *inade-
quate.* For instance, in the case of Wilson, administrator,
vs. Hayward, 1 Florida Reports, 27, this Court held " that
this act may afford a remedy against the *mortgagor*, but not
against the *assignee* of the mortgagor," because the statute
gives judgment for the debt, which cannot be rendered
against the assignee of the mortgagor, and that the party
claiming the foreclosure, under the statute, should be the
owner of all the demands secured by the mortgage ; and in
the case of Manley and Moseley, administrators, &c.,
against the Union Bank, it held that where the mortgagee
has elected to proceed at law, and has obtained judgment

there upon his debt, he cannot proceed under the statute, but should go into Chancery to obtain a foreclosure of his mortgage; and owing to the anomolous character of the case now presented for our consideration, much doubt was at first entertained whether this Court could do otherwise than to remand this case to the Court below, with directions to dismiss the petition. The wife is a party to the mortgage, which makes her a necessary party to the suit, so far as the mortgage and foreclosure are concerned, but she is *not* a party to the note, and therefore is by no means a necessary party so far as it is concerned, and no judgment upon that should have been entered against her. Were this a case in Chancery, the rights of all the parties could be adjusted without difficulty, and were it a case at *common law*, this joinder would have been fatal to it. We often hear this statute spoken of as providing for the foreclosure of mortgages at common law, but it only provides for the foreclosure of mortgages in the common law Courts, and does not require us to apply to it the strict technical rules of the common law, and in the case of Manley and Moseley, administrators, vs. the Union Bank, above cited, this Court so adjudged, and treated it accordingly. At page 185, in discussing a question of pleading under it, the Court used the following language, viz : " We do not consider the ordinary rules of special pleading, or the technical rules of practice in ordinary cases at law, applicable to a proceeding under our statute of foreclosure. The proceeding is an anomalous one, for which neither the Courts of common law or equity furnish a precedent. And so the appellee has treated it, for his petition neither contains the essential requisites of a declaration at law nor of a bill in Chancery. It contains something of both, but not enough of either to stand the test of scrutiny, by the rules of pleading which prevail in either of those tribunals; and were

456        SUPREME COURT,

Daniels and Wife vs. Henderson.—Opinion of Court.

we to apply that strictness to it which is demanded in relation to the pleas or objections, the appellee must fail on that ground alone, if on no other. But we are not inclined to apply a greater degree of strictness to either than is necessary to subserve the principles of justice and equity. Indeed, a more liberal spirit than prevailed in times gone by in regard to special pleading, one more consonant with the spirit of the age, seems everywhere to be gaining ground, and we feel warranted in departing from those strict, technical and rigid rules which were formerly applied to this science, whenever such departure may facilitate the attainment of justice, without endangering any of its principles, and our Legislature has left us an open door for so doing." Were this case to be sent out of Court, it would be in compliance with some of those strict and technical rules ; but we think we can avoid that, without endangering any of the principles of justice, and we are therefore disposed to carry out in this case the principles enunciated in the one last cited.

We have said that the wife is a necessary party so far as the mortgage and foreclosure are concerned. Making her a party to the judgment on the note, and a note, too, in the execution of which she never joined, is an error that most surely would strike any lawyer at the first blush, and must, we think, have escaped the notice of the learned Judge who rendered the judgment.

There is also error in the direction of the Court as to the property on which the execution that should issue on the judgment was to be levied. The statute *expressly provides* that "the judgment of the Court on the foreclosure of a mortgage, shall in all cases be entered up and filed, and execution shall issue thereon as in *other cases.*" The safest course is to follow that express provision.

The judgment should have been against Wiley Daniels *only*, and entered up *as in other cases*.

Let the judgment or decree of foreclosure be affirmed, and the judgment on the said promissory note be reversed, and the cause be remanded to the Court below, with directions to enter up a judgment on said note against Wiley Daniels *only*, in accordance with this opinion.

The appellee to pay the costs to be taxed. *Per totam Curiam.*